IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JASON KERR and
JENNIFER KERR,

    Plaintiff,

v.                                      CIVIL ACTION NO. 5:24-cv-00285-TES

CITY OF PERRY, GEORGIA,
PERRY POLICE CHIEF ALAN EVERIDGE.
SEAN WHILDEN, Individually and in his
capacity as Perry Police Officer,
MAJOR HEATH DYKES, Individually
and in his capacity as an Officer of
Perry Police Department, and
HOUSTON COUNTY SHERIFF CULLEN
TALTON and JOHN DOE,

    Defendants.

_____/

**<u>ACKNOWLEDGMENT OF SUBSTITUTION OF PARTY
AND STIPULATION OF DISMISSAL</u>**

    COME NOW plaintiffs Jason Kerr and Jennifer Kerr ("Plaintiffs"), and defendants City of Perry, Georgia (the "City"); Alan Everidge ("Everidge"), individually and in his official capacity as an employee of the City; Heath Dykes ("Dykes"), individually and in his official capacity as an employee of the City; Sean Whilden ("Whilden"), individually and in his official capacity as an employee of the City; and Matthew Moulton, in his official capacity as Sheriff of Houston County, Georgia, hereinafter collectively referred to as the "Parties," by and through their undersigned counsel of record, and hereby acknowledge, stipulate, and agree as follows:

1

1. Plaintiffs filed their complaint in this matter on August 21, 2024, and, in their complaint, Plaintiffs asserted claims against multiple defendants, including Cullen Talton ("Sheriff Talton"), who was then serving as Sheriff of Houston County, Georgia. (Doc. 1, ¶ 9.)

2. Sheriff Talton died following the filing of Plaintiffs' complaint, and, following Sheriff Talton's death, Billy Rape was named as Sheriff of Houston County, and he is hereinafter referred to as "Former Sheriff Rape." (Doc. 6, p. 1.)

3. Carlene Talton is the executor of Sheriff Talton's estate (the "Estate"). (Doc. 6, p. 1.)

4. Because it was unclear as to whether Plaintiffs were asserting both individual and official capacity claims in their complaint, on December 23, 2024, an answer was filed on behalf of Former Sheriff Rape, in his official capacity as Sheriff of Houston County, and on behalf of Carlene Talton, in her capacity as executor of the Estate. (Doc. 6, p. 1.)

5. On January 1, 2025, Matthew Moulton began serving as Sheriff of Houston County, Georgia, and he is hereinafter referred to as "Sheriff Moulton."

6. Rule 25(d) of the Federal Rules of Civil Procedure provides that, "when a public officer who is a party in an official capacity. . . ceases to hold office while the action is pending," "[t]he officer's successor is automatically substituted as a party," and "the absence of…an order does not affect the substitution." F.R.C.P. R 25(d).

7. Therefore, pursuant to Rule 25(d), the Parties acknowledge that Sheriff Moulton, in his official capacity, is substituted as defendant in the above-styled action in place of Former Sheriff Rape, who was substituted in place of Sheriff Talton.

8. In addition, Plaintiffs acknowledge that they did not assert an individual capacity claim against Sheriff Talton.

9. Because no individual capacity claim was asserted against Sheriff Talton, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Parties hereby stipulate to the dismissal without prejudice of all claims against Carlene Talton and the Estate, such that Carlene Talton and the Estate are no longer parties to this action.[1]

10. Based on the foregoing, the Parties agree that the following individuals and entity remain as defendants: the City; Everidge, Dykes, and Whilden, in their individual and official capacities as employees of the City; and Sheriff Moulton in his official capacity.

This 20th day of February, 2025.

s/Raleigh W. Rollins
Raleigh W. Rollins   Bar No. 613860
411 Gordon Avenue
Thomasville GA 31792
Telephone: (229) 226-2565
rrollins@alexandervann.com
Attorney for Defendant Matthew Moulton, in his official capacity as Sheriff of Houston County, Georgia

s/ J. Travis Hall
J. Travis Hall
3920 Arkwright Road, Suite 405
P.O. Box 18086
Macon, Georgia 31209-8086
thall@chrkglaw.com
Attorneys for Defendants
City of Perry, Georgia; Perry Police Chief Alan Everidge; Sean Whilden; Major Heath Dykes

s/Thomas F. Jarriel
Thomas F. Jarriel    Bar No. 389650

---

[1] Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." That Rule "allows a plaintiff to dismiss all of his claims against a particular defendant." *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1106 (11th Cir. 2004); see also *Transworld Food Service, LLC v. Nationwide Mutual Ins. Co.,* 2023 WL 5841944, *1 (11th Cir. 2023).

        P.O. Box 214
Macon, Georgia 31202-0214
478-254-5181 Telephone
478-254-5865 Fax
[tomjarriel@yahoo.com](mailto:tomjarriel@yahoo.com)
Attorney for Plaintiffs

s/ Reza Sedghi
Reza Sedghi      Bar No. 634077
2870 Vineville Avenue
Macon, Georgia 31204
(478) 741-3770 Telephone
(478) 741-3771 Fax
[reza@sedghilaw.com](mailto:reza@sedghilaw.com)
Attorney for Plaintiffs

4