# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JASON KERR and<br>JENNIFER KERR,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF PERRY, GEORGIA,<br>PERRY POLICE CHIEF ALAN EVERIDGE,<br>SEAN WHILDEN, Individually and in his capacity as Perry Police Officer,<br>MAJOR HEATH DYKES, Individually and in his capacity as an officer of Perry Police Department,<br>HOUSTON COUNTY SHERIFF CULLEN TALTON,<br>TYLER TRIPP, Individually and in his capacity as a Houston County Deputy, and<br>JOHN DOE,<br><br>    Defendants. | CIVIL ACTION FILE NO.:<br>5:24-cv-00285-TES |

## AMENDED COMPLAINT FOR DAMAGES

COME NOW, JASON KERR, and JENNIFER KERR, Plaintiffs, by and through undersigned counsel, and hereby file this Complaint for Damages, respectfully showing this Honorable Court as follows:

### JURISDICTION AND VENUE

1.

This action is brought in accordance with 43 U.S.C.§ 1983 and jurisdiction of this Court is invoked under 28 U.S.C.§§ 1331 and 1343.  Plaintiffs further invoke the pendent jurisdiction of this Court to hear and decide claims arising under state law.

2.

The amount in controversy exceeds $75,000.00 exclusive of interests and costs.

3.

Venue is proper in this court by virtue of the parties' residence and by virtue of the facts and events complained of herein.

**PARTIES**

4.

Plaintiff JASON KERR, (hereinafter "JASON") and Plaintiff JENNIFER KERR (hereinafter "JENNIFER") are citizens of the United States and are residents of Houston County, Georgia.

5.

Defendant CITY OF PERRY (hereinafter "PERRY"), is and at all times pertinent hereto was, an incorporated entity of the State of Georgia. Said Defendant may be served as follows:

**MAYOR RANDALL WALKER, 1211 WASHINGTON STREET, PERRY, GA 31069**

6.

Defendant ALAN EVERIDGE, PERRY POLICE CHIEF, (hereinafter "EVERIDGE"), is and at all time pertinent hereto was the lawful police chief of Defendant PERRY. Said Defendant may be served as follows:

**1207 WASHINGTON STREET, PERRY, GA 31069**

7.

Defendant SEAN WHILDEN (hereinafter "WHILDEN"), is and at all times pertinent hereto was employed by Defendant PERRY as a law enforcement officer. Said Defendant may be served as follows:

**1207 WASHINGTON STREET, PERRY, GA 31069**

8.

Defendant MAJOR HEATH DYKES (hereinafter "DYKES") is and all times pertinent hereto was employed by Perry Police Department. Said Defendant may be served as follows:

**1207 WASHINGTON STREET, PERRY, GA 31069**

9.

Defendant HOUSTON COUNTY SHERIFF CULLEN TALTON (hereinafter "HCSO") is and at all times pertinent hereto was, an incorporated entity of the State of Georgia. Said Defendant may be served as follows:

**SHERIFF CULLEN TALTON, 202 CARL VINSON PARKWAY, WARNER ROBINS, GEORGIA 31088**

10.

Defendant TYLER TRIPP (hereinafter "Defendant Tripp") at all times pertinent hereto was employed by the Houston County Sheriff's Office. Said Defendant may be served as follows:

**202 CARL VINSON PARKWAY, WARNER ROBINS, GEORGIA 31088**

**STATEMENT OF FACTS**

10.

On or about June 18, 2023, Officer WHILDEN of the PERRY Police Department and Defendant Deputy TRIPP, an employee of the Houston County Sheriff's Office illegally and unlawfully arrested Plaintiff JASON.

11.

Thereafter, said officers assaulted and threatened Plaintiff JASON in an illegal, unlawful, improper, inappropriate, unprofessional, and reckless without any legal reason.

12.

On the date herein complained, Plaintiff JASON was illegally arrested, detained, assaulted, and incarcerated by Officer WHILDEN and Defendant Deputy TRIPP who thereby charged Plaintiff with violating O.C.G.A. § 40-6-270.

13.

The arrest, detention, assault, and incarceration by both officers were the result of Plaintiff JASON's vehicle having damaged a sign at Skweeky Kleen Car Wash in Perry, Georgia. As the vehicle was entering the car wash, the vehicle was under the physical and mechanical control of the automatic car wash machinery of Skweeky Clean Car Wash.

14.

Thereafter, the arrest was effected at Plaintiffs' home in the afternoon on or about June 18, 2023 – a Sunday and Father's Day.

15.

During the arrest, Defendant WHILDEN, accompanied by Defendant Deputy TRIPP, threatened Plaintiff JASON, without cause or justification, with a taser – a weapon designed to cause significant, uncontrollable muscle contractions capable of incapacitating aggressive combatants.

16.

After effecting said arrest, officers with lawful authority attempted to unlawfully coerce Plaintiff JASON by inducing him not to file in instant lawsuit in exchange for non-prosecution of offenses.

17.

At all times pertinent hereto, Plaintiff JASON posed no risk or threat to the safety of the officers or others. Plaintiff was unarmed, afraid, not acting belligerently, not committing to comply, not refusing to comply, and not attempting to flee.

18.

Throughout the detention and arrest of Plaintiff JASON, the assaulting behavior of the above-referenced officers showed actual malice and an actual intent to cause injury in the performance of official duties.

19.

As a result of the illegal arrest and detention, Plaintiff JASON was illegally and unlawfully charged with the misdemeanor offense of hit and run, O.C.G.A. § 40-6-270.

20.

At the time of Plaintiff JASON's arrest, his neck, arms, shoulder, and back were injured.

21.

After the arrest, Defendant DYKES unlawfully attempted to coerce Plaintiff JASON into signing a document waiving his rights to file a lawsuit against the agencies involved in his arrest in exchange for non-prosecution of offenses related to Plaintiff JASON's arrest. Plaintiff JASON refused to execute a waiver. *See attached* Ex. 1.

22.

Since the time of Plaintiff JASON's arrest and the events complained of herein, and as a result of the injuries inflicted, Plaintiff JASON has required medical care and treatment with expenses at a value in excess of $25,000.00.

23.

As a direct and proximate result of the above-described actions and assaults by Defendants as alleged herein, all Plaintiffs have suffered severe and permanent injuries. Said Plaintiffs have been caused great physical and mental pain and suffering.

24.

Due and proper notice under applicable statutes has been given to Defendants as shown by Exhibit "A."

## CAUSES OF ACTION

### *COUNT ONE: CIVIL RIGHTS VIOLATION*

25.

All allegations and averments of Paragraphs 1 through 21 of this Complaint are incorporated herein by reference thereto.

26.

This action arises under the United States Constitution, under the provisions of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under Federal law, particularly the Civil Rights Act, United States Code, Title 42, §1983.

27.

The actions of the Defendants were grossly negligent and reckless acts, and involved excessive and unnecessary use of force, all clear violations of Plaintiffs' Constitutional rights, therefore giving rise to this claim.

### *COUNT TWO: EXCESSIVE FORCE*

28.

All allegations and averments of Paragraphs 1 through 24 of this Complaint are incorporated herein by reference thereto.

29.

The force used by Defendant WHILDEN and Defendant Deputy TRIPP was so plainly unnecessary and disproportionate that no reasonable officer could have thought that this amount

of force was legal under the circumstances. Accordingly, their conduct was unconstitutional, illegal and unlawful and Defendants are liable for the unreasonable and excessive force inflicted upon Plaintiff JASON.

### COUNT THREE: ASSAULT AND BATTERY

30.

All allegations and averments of Paragraphs 1 through 26 of this Complaint are incorporated herein by reference thereto.

31.

Plaintiffs show that the unlawful actions by Defendants constitute assault and battery of Plaintiff.

### COUNT FOUR: FALSE ARREST

32.

All allegations and averments of Paragraphs 1 through 28 of this Complaint are incorporated herein by reference thereto.

33.

Plaintiffs show that the actions of Defendants constitute false arrests.

### COUNT FIVE: FALSE IMPRISONMENT

34.

All allegations and averments of Paragraphs 1 through 30 of this Complaint are incorporated herein by reference thereto.

35.

Plaintiffs show that the actions of Defendants constitute false imprisonment.

### COUNT SIX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36.

All allegations and averments of Paragraphs 1 through 32 of this Complaint are incorporated herein by reference thereto.

37.

The actions of Defendants were intentional, reckless, extreme and outrageous, and were intended to and did inflict severe emotional distress upon Plaintiffs, thereby constituting intentional infliction of emotional distress.

### COUNT SEVEN: FAILURE TO PROPERLY TRAIN AND SUPERVISE

38.

All allegations and averments of Paragraphs 1 through 34 of this Complaint are incorporated herein by reference thereto.

39.

The actions by Defendants resulted from the carelessness and negligence of all Defendants, their agents, servants, employees and other representatives, in failing to properly train and supervise.

Further pleading, Plaintiffs show that the threatened use of said TASER as alleged herein is and was illegal as a matter of law. Plaintiffs show that Defendant WHILDEN and Defendant

Deputy TRIPP did not receive adequate training and instruction in the use of TASER prior to the threatened use thereof as alleged herein.

## COUNT EIGHT: TORTIOUS COERCION

40.

All allegations and averments of Paragraphs 1 through 36 of this Complaint are incorporated herein by reference thereto.

41.

The actions of Defendants in threatening and instituting legal action as a result of Plaintiff's rightful decision to pursue civil claims against these Defendants amounts of tortious coercion.

## COUNT NINE: LOSS OF CONSORTIUM (JENNIFER KERR)

42.

All allegations and averments of Paragraphs 1 through 38 of this Complaint are incorporated herein by reference thereto.

43.

Plaintiffs JASON KERR and JENNIFER KERR were and are husband and wife at all times pertinent to the facts and events alleged herein.  By reason of the injuries to her spouse, Plaintiff JENNIFER has suffered the loss of the services of her spouse, thereby authorizing this claim for loss of consortium.

44.

Further pleading, Plaintiff JENNIFER shows that prior to and at the time of the incident complained of herein, her family operated as a unit and Plaintiff JASON supported the family, as husband and father. Since the incident, Plaintiff JENNIFER has additional responsibility for family duties caused by Plaintiff JASON'S injuries and treatment.

## DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray as follows:

a) That process issue and service be had on Defendants in terms of law;

b) That they be awarded damages for pain and suffering;

c) That they be awarded any and all special damages as may be shown by proof at trial;

d) That they be awarded punitive damages in accordance with the law;

e) That they have trial by jury;

f) That they be awarded attorneys fees; and

g) That they have such other and further relief as may be appropriate and as may be provided by law.

This 18th day of April, 2025.

/s/ Reza Sedghi
**REZA SEDGHI**
State Bar No.: 634077

/s/ Sandra Davis-Campos
**SANDRA DAVIS-CAMPOS**
State Bar No.: 334795
*Attorneys for Plaintiffs*

2870 Vineville Avenue
Macon, Georgia 31204
478-741-3770 Telephone
478-741-3771 Facsimile
reza@sedghilaw.com
sady@sedghilaw.com

/s/ Thomas F. Jarriel
**THOMAS F. JARRIEL**
Attorney for Plaintiff
State Bar No. 389650

PO Box 214
Macon, Georgia 31202-0214
478-254-5181 Telephone
478-254-5685 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing *Amended Complaint for Damages* along with a copy of this certificate upon the counsel or parties listed below via electronic transmission through Pacer, email transmission, and/or by placing a copy of the same in the United States Mail, in a properly stamped envelope with adequate postage thereon as follows:

Denzel L. Batore
J. Travis Hall
Chambless, Higdon, Richardson, Katz, & Griggs, LLP
P.O. Box 6378
Macon, Georgia 31208-6378
dbatore@chrkglaw.com
thall@chrkglaw.com
*Attorneys for Defendants City of Perry
Alan Everidge, Sean Whilden, and Heath Dykes*

Raleigh Rollins
Alexander & Vann, LLP
411 Gordon Avenue
Thomasville, Georgia 31792
rrollins@alexandervann.com
*Attorney for Sheriff Matthew Moulton*

This 18th day of April, 2025.

/s/ Reza Sedghi
**REZA SEDGHI**
State Bar No.: 634077

/s/ Sandra Davis-Campos
**SANDRA DAVIS-CAMPOS**
State Bar No.: 334795
*Attorneys for Plaintiffs*

2870 Vineville Avenue
Macon, Georgia 31204
478-741-3770 Telephone
478-741-3771 Facsimile
reza@sedghilaw.com
sady@sedghilaw.com

/s/ Thomas F. Jarriel
**THOMAS F. JARRIEL**
Attorney for Plaintiff

State Bar No. 389650

PO Box 214
Macon, Georgia 31202-0214
478-254-5181 Telephone
478-254-5685 Fax