IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JASON KERR, and<br>JENNIFER KERR,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF PERRY, GEORGIA, et. al.<br><br>    Defendants. | CIVIL ACTION NO.:<br>5:24-cv-00285-TES |

**THIRD AMENDED COMPLAINT FOR DAMAGES**

COME NOW, JASON KERR and JENNIFER KERR, Plaintiffs, by and through undersigned counsel, and hereby file this Third Amended Complaint for Damages, respectfully showing the Honorable Court as follow:

### **JURISDICTION AND VENUE**

1.

This action is brought in accordance with 42 U.S.C. § 1983 and jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343. Plaintiffs further invoke the pendent jurisdiction of this Court to hear and decide claims arising under state law.

2.

The amount in controversy exceeds $75,000.00 exclusive of interests and costs.

3.

Venue is proper in this Court by virtue of the parties' residence and by virtue of the facts and events complained herein.

## PARTIES

4.

Plaintiff JASON KERR (hereinafter "JASON") and Plaintiff JENNIFER KERR (hereinafter "JENNIFER") are citizens of the United States and are residents of Houston County, Georgia.

5.

Defendant CITY OF PERRY (hereinafter "PERRY") is and at all times pertinent hereto was an incorporated entity of the State of Georgia. Said Defendant may be served as follows:

**MAYOR RANDALL WALKER, 1211 WASHINGTON STREET, PERRY, GA 31069**

6.

Defendant ALAN EVERIDGE, PERRY POLICE CHIEF (hereinafter "EVERIDGE") is and at all times pertinent hereto was the lawful police chief of Defendant PERRY. Said Defendant may be served as follows:

**1207 WASHINGTON STREET, PERRY, GA 31069**

7.

Defendant SEAN WHILDEN (hereinafter "WHILDEN") is and at all times pertinent hereto was employed by Defendant PERRY as a law enforcement officer. Said Defendant may be served as follows:

**1207 WASHINGTON STREET, PERRY, GA 31069**

8.

Defendant MAJOR HEATH DYKES (hereinafter "DYKES") is and at all times pertinent hereto was employed by Perry Police Department. Said Defendant may be served as follows:

**1207 WASHINGTON STREET, PERRY, GA 31069**

9.

Defendant TYLER TRIPP (hereinafter "TRIPP") at all times pertinent hereto was employed by the Houston County Sheriff's Office. Said Defendant may be served as follows:

**202 CARL VINSON PARKWAY, WARNER ROBINS, GEORGIA 31088**

10.

At all times referred to herein, Defendants were acting under color of state law.

## STATEMENT OF FACTS

11.

On or about June 18 2023, Officer WHILDEN of the PERRY Police Department and Defendant Deputy TRIPP, an employee of the Houston County Sheriff's Office illegally and unlawfully arrested Plaintiff JASON.

12.

Thereafter, said officers assaulted and threatened Plaintiff JASON in an illegal, unlawful, improper, inappropriate, unprofessional, and reckless without any legal reason.

13.

Officer WHILDEN thereby charged Plaintiff with leaving the scene of an accident and thereby violating O.C.G.A. § 24-6-270, which provides "The driver of any vehicle involved in an accident resulting injury to or the death of any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or shall stop as close thereto as possible and forthwith return to the scene of the accident . . . ."

14.

Plaintiff JASON was illegally arrested, detained, and assaulted by Defendant Officer TRIPP who accompanied and assisted Defendant Officer WHILDEN in his unlawful arrest of Plaintiff JASON.

15.

On the date herein complained of, Plaintiff JASON entered the Skweeky Kleen Car Wash and followed the instructions of the employees for placing his vehicle onto the mechanical tracks to enter the car wash.

16.

After following the instructions of the employees of Skweeky Kleen Car Wash, Plaintiff JASON's vehicle began to move forward and, as a result, the vehicle made contact with an electronic sign next to the entrance of the car wash.

17.

Employees of the car wash did not observe any damage to Plaintiff JASON's vehicle after it made contact with the electronic sign.

18.

The arrest, detention, and assault of Defendant TRIPP and the arrest, detention, assault, and incarceration by Defendant WHILDEN was the result of Plaintiff JASON's vehicle having damaged a sign at Skweeky Kleen Car Wash in Perry, Georgia. As the vehicle was entering the car wash, the vehicle was under the physical and mechanical control of the automatic car wash machinery of Skweeky Kleen Car Wash.

19.

Thereafter, Plaintiff JASON remained on the scene and was told by employees of the car wash that he was responsible for the damage to the car wash. Plaintiff JASON explained that the damage was due to the employees' own negligence in placing his car on the mechanical car wash. Plaintiff JASON then returned home without incident.

20.

Employees of Skweeky Kleen Car Wash called law enforcement, and Defendant WHILDEN appeared on scene and took the statements of the employees of the car wash. WHILDEN's investigation provided no evidence to support an arrest of Plaintiff JASON in violation of O.C.G.A. § 40-6-270.

21.

After taking the statements of employees, Defendant WHILDEN, with the assistance of Deputy TRIPP arrived to Plaintiffs' home.

22.

The arrest was effected at Plaintiffs' home in the afternoon on or about June 18, 2023–a Sunday and Father's Day.

23.

During the arrest, Defendant WHILDEN, accompanied by Defendant Deputy TRIPP, threatened Plaintiff JASON, without cause or justification, with a taser–a weapon designed to cause significant, uncontrollable muscle contractions capable of incapacitating aggressive combatants.

24.

During and after the arrest, Defendants engaged in unlawful, unjustified, and excessive force and unlawfully and unjustifiably arrested Plaintiff JASON without legal cause.

25.

Plaintiff JASON posed no risk or threat to the safety of the officer or others. Plaintiff was unarmed, afraid, not acting belligerently, not committing to comply, not refusing to comply, and not attempting to flee.

26.

Throughout the detention and arrest of Plaintiff JASON, the assaulting behavior of the above-referenced officers showed actual malice and an actual intent to cause injury in the performance of official duties.

27.

At the time of Plaintiff JASON's arrest, his neck, arms, shoulder, and back were injured.

28.

After the arrest, Defendant DYKES unlawfully attempted to coerce Plaintiff JASON into signing a Perry Police Department/City of Perry document waiving his rights to file a lawsuit against the agencies involved in his arrest in exchange for non-prosecution of offenses related to Plaintiff JASON's arrest. Plaintiff JASON refused to execute a waiver. *See attached* Exhibit 1 to Doc. 1.

29.

Since the time of Plaintiff JASON's arrest and the events complained of herein, and as a result of the injuries inflicted, Plaintiff JASON has required medical care and treatment with expenses at a value in excess of $25,000.00.

30.

All Plaintiffs have suffered severe and permanent injuries. Said Plaintiffs have been caused great physical and mental pain and suffering.

31.

Due and proper notice under applicable statutes has been given to Defendants as shown by Exhibit 2 to Doc. 1.

### CAUSES OF ACTION

### *COUNT ONE: FAILURE TO PROPERLY TRAIN AND SUPERVISE BY DEFENDANT CITY OF PERRY AND DEFENDANT ALAN EVERIDGE, PERRY POLICE CHIEF*

32.

The actions by Defendant PERRY and Defendant EVERIDGE resulted from failing to properly train and supervise its agents and employees, including Defendant WHILDEN.

33.

The actions relating to Defendant WHILDEN's threatened use of a taser was the result of Defendant PERRY's and Defendant EVERIDGE's failure to properly train and supervise Defendant WHILDEN and other agents and/or employees on the proper use and threatened use of tasers.

### COUNT TWO: MONELL CLAIM AS TO DEFENDANT CITY OF PERRY

34.

At the time of the incident alleged, Defendant PERRY had a policy of coercing accused individuals into signing a waiver of rights in exchange for non-prosecution of offenses in cases where there was no legal basis for a charge or arrest of the accused.

35.

This policy was applied against Plaintiff JASON and Defendant PERRY unlawfully attempted to coerce Plaintiff JASON to sign a waiver of rights.

### COUNT THREE: TORTIOUS COERCION BY DEFENDANT MAJOR HEATH DYKES

36.

Defendant DYKES unlawfully attempted to coerce Plaintiff JASON by inducing him not to file the instant lawsuit in exchange for non-prosecution of offenses.

37.

Defendant DYKES's attempt to coerce Plaintiff JASON into signing a release of claims and thereby waiving his rights to file a lawsuit arising out of the above-referenced conduct in exchange for non-prosecution amounts to tortious coercion.

### COUNT FOUR: CIVIL RIGHTS VIOLATIONS BY DEFENDANT SEAN WHILDEN and DEFENDANT TYLER TRIPP

38.

The actions by Defendant WHILDEN, and Defendant TRIPP in unlawfully detaining and arresting, as well as exercising unlawful, unnecessary and excessive force against Plaintiff JASON violated Plaintiff JASON's civil rights.

***COUNT FIVE: STATE LAW ASSAULT AND BATTERY BY***
***DEFENDANT SEAN WHILDEN and DEFENDANT TYLER TRIPP***

39.

At the time of the incident complained of herein, Defendant TRIPP, as officer with Houston County Sheriff's Office, used a taser which constituted assault and battery against Plaintiff JASON.

40.

Defendant WHILDEN's and Defendant TRIPP's conduct was illegal and unlawful and Defendant TRIPP is jointly and severally liable for the assault and battery inflicted upon Plaintiff JASON.

***COUNT SIX: STATE LAW FALSE ARREST BY***
***DEFENDANT SEAN WHILDEN and DEFENDANT TYLER TRIPP***

41.

At the time of the incident complained of herein, Defendant WHILDEN, an officer with Defendant PERRY unlawfully detained and arrested Plaintiff JASON, which constitutes false arrest.

42.

At the time of the incident complained of herein, Defendant TRIPP, an officer with Houston County Sheriff's Office unlawfully detained and arrested Plaintiff JASON, which constitutes false arrest, by assisting Defendant WHILDEN in making an unlawful and illegal arrest.

43.

Defendant WHILDEN's and Defendant TRIPP's conduct was illegal and unlawful and Defendant WHILDEN and Defendant TRIPP are jointly and severally liable for the false arrest of Plaintiff JASON.

### *COUNT SEVEN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANT SEAN WHILDEN and DEFENDANT TYLER TRIPP*

44.

At the time of the incident complained of herein, Defendant WHILDEN, an officer with Defendant PERRY assisted by Defendant TRIPP unlawfully detained and arrested, committed assault and battery, and falsely arrested Plaintiff JASON while executing an arrest on a charge that was clearly unsupported on its face.

45.

The actions of Defendant WHILDEN and Defendant TRIPP in committing the above-described acts was intentional, reckless, extreme and outrageous and were intended to and did inflict severe emotional distress upon Plaintiff JASON and Plaintiff JENNIFER.

### *COUNT EIGHT: LOSS OF CONSORTIUM AS TO PLAINTIFF JENNIFER KERR BY DEFENDANT CITY OF PERRY, DEFENDANT ALAN EVERIDGE PERRY POLICE CHIEF, DEFENDANT MAJOR HEATH DYKES, and DEFENDANT SEAN WHILDEN*

46.

Plaintiff JASON and Plaintiff JENNIFER were and are husband and wife at all times pertinent to the facts and events alleged herein.

47.

By reason of the injuries to her spouse (Plaintiff JASON) resulting from the actions of Defendant CITY OF PERRY, Defendant EVERIDGE, Defendant DYKES, and Defendant WHILDEN, Plaintiff JENNIFER has suffered the loss of the services of her spouse, thereby authorizing this claim for loss of consortium.

48.

Prior to and at the time of the incident complained of herein, Plaintiff JENNIFER's family operated as a unit and Plaintiff JASON supported the family as a husband and father. Since the incident, Plaintiff JENNIFER has additional responsibility for family duties caused by Plaintiff JASON's injuries and medical treatment which were caused by the actions of Defendant CITY OF PERRY, Defendant EVERIDGE, Defendant DYKES, and Defendant WHILDEN.

**DEMAND AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray as follows:

a) That process issue and service be had on Defendants in terms of law;

b) That they be awarded damages for pain and suffering;

c) That they be awarded any and all special damages as may be shown by proof at trial;

d) That they be awarded punitive damages in accordance with the law;

e) That they have trial by jury;

f) That they be awarded attorneys fees; and

g) That they have such other and further relief as may be appropriate and as may be provided by law.

This 30th day of September, 2025.

*[signatures on following page]*

_____
**REZA SEDGHI**
*Attorney for Plaintiffs*
State Bar No.: 634077

SEDGHI LAW, LLC
2870 Vineville Avenue
Macon, Georgia 31204
478-741-3770 Telephone
478-741-3771 Facsimile
reza@sedghilaw.com

/s/ Thomas F. Jarriel
**THOMAS F. JARRIEL**
*Attorney for Plaintiffs*
State Bar No. 389650

PO Box 214
Macon, Georgia 31202-0214
478-254-5181 Telephone
478-254-5685 Fax

/s/ Sandra Davis-Campos
**SANDRA DAVIS-CAMPOS**
State Bar No.: 334795
*Attorney for Plaintiffs*

SEDGHI LAW, LLC
2870 Vineville Avenue
Macon, Georgia 31204
478-741-3770 Telephone
478-741-3771 Facsimile
sandy@sedghilaw.com